UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BRADLEY LEAD GROUP LLC, | ) | Case No. 23-15251 MER |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| SIMON E. RODRIGUEZ, | ) | |
| Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 25-_____ MER |
| | ) | |
| FIRST ORION CORP. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Simon E. Rodriguez, the duly appointed chapter 7 trustee in this case (the "**Trustee**"), sues defendant First Orion Corp. (the "**Defendant**"), and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. On November 13, 2023 (the "**Petition Date**"), debtor Bradley Lead Group LLC (the "**Debtor**") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

2. The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and the automatic referral of bankruptcy matters from the United States District Court for the District of Colorado under D.C.COLO.LCivR 84.1.

3. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

4. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (F), and/or (O).

5. The Defendant is a Delaware corporation in good standing with a principal office street and mailing address located at 520 Main Street, Suite 400, North Little Rock, AR 72114. Defendant's registered agent is Samuel R. Baxter, 520 Main Street, Suite 400, North Little Rock, AR 72114.

6. The Trustee consents to the entry of final orders and judgment by the Bankruptcy Court.

## GENERAL ALLEGATIONS

7. On or within 90 days of the Debtor's Petition Date, the Debtor transferred to Defendant at least $42,008.81 (these and any other transfers from the Debtor to or for the benefit of Defendant within the 90-day period preceding the Petition Date are, collectively, the "**Transfers**"), summarized as follows:

| DATE | AMOUNT |
|---|---|
| 9/5/23 | $16,263.80 |
| 9/26/23 | $15,429.16 |
| 9/29/23 | $10,315.85 |

## FIRST CLAIM FOR RELIEF
**Avoidance and Recovery of Preferential Transfers**
**11 U.S.C. §§ 547 and 550**

8. The Trustee incorporates all of the foregoing paragraphs of this Complaint as if fully recited herein.

9. At all times relevant hereto, the Defendant was a creditor of the Debtor.

10. The Transfers were made in on account of antecedent debts (*i.e.*, unsecured credit advances), owed by the Debtor to the Defendant before the Transfers were made.

11. The Transfers were made while the Debtor was insolvent. *See*, *e.g.*, 11 U.S.C. § 547(f).

12. On or within 90 days before the Petition Date, the Debtor made the Transfers to or for the benefit of the Defendant.

13. The Transfers were transfers of money of the Debtor that the Debtor caused to be delivered to the Defendant.

14. The Transfers enabled the Defendant to receive more than the Defendant would have received if: (i) the Debtor's case was a case under chapter 7 of Title 11 of the United States Code; (ii) the Transfers had not been made; and (iii) the Defendant had received payment of such debt to the extent provided by the provisions of Title 11 of the United States Code.

15. Before filing this Complaint, the Trustee through counsel had communications with Defendant where the parties exchanged information and discussed claims and defenses. The Trustee has thus exercised reasonable due diligence in the circumstances of the case, taking into account known or reasonably knowable affirmative defenses prior to filing this Complaint.

16. The Transfers to or for the benefit of the Defendant are avoidable under § 547(b) of the Bankruptcy Code.

17. The Trustee is entitled to recover from the Defendant the value of the Transfers for the benefit of the Debtor's bankruptcy estate under § 550 of the Bankruptcy Code.

WHEREFORE, the Trustee requests that the Court enter judgment in favor of the Trustee on this Complaint and against the Defendant: (i) for avoidance of the Transfers and a money

judgment for the value thereof plus pre- and post-judgment interest, costs and attorneys' fees as allowed by law; and (ii) such other and further relief that the Court deems appropriate.

Dated: March 5, 2025.

Respectfully submitted,

LAW OFFICES OF KEVIN S. NEIMAN, PC

*/s/ Kevin S. Neiman*
Kevin S. Neiman, # 36560
999 18th Street, Suite 1230 S
Denver, CO 80202
Tel: (303) 996-8637
Fax: (877) 611-6839
E-mail: kevin@ksnpc.com

**Counsel to the Trustee**